

1

2

3

**Signed and Filed: January 25, 2013**

4

5

6

_____
**THOMAS E. CARLSON U.S. Bankruptcy Judge**

7

8             **UNITED STATES BANKRUPTCY COURT**

9         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 10 | In re ) | Case No. 11-31881 TC |
| 11 | OSCAR A. BRAUN and ) ANDREA STOLL BRAUN, ) | Chapter 7 |
| 12 | ) | |
| 13 | Debtors. ) | |
| 14 | In re ) | Case No. 11-31909 TC |
| 15 | ANDREA S. BRAUN, DDS INC., ) | Chapter 7 |
| 16 | ) | |
| 17 | Debtor. ) | |
| 18 | ) | |

19        **MEMORANDUM RE MOTION FOR TURNOVER OF FEE RETAINER FUNDS**

20        On November 5, 2012, this court held a hearing on the motion

21   of the trustee in the Brauns' individual case to require the

22   trustee in the Braun corporate case to turnover an unused retainer

23   returned by the counsel who attempted to represent both debtors.

24   Daniel M. Linchey appeared for Janina Hoskins, the trustee in the

25   individual case.  John H. MacConaghy appeared for Randy Sugerman,

26   the trustee in the dental corporation case.  Upon due

27   consideration, and for the reasons set forth below, I determine

28   that all of the funds belong to the bankruptcy estate of the

MEMORANDUM RE MOTION FOR
TURNOVER OF FEE RETAINER FUNDS        -1-

individual debtors.

(1) Each of these cases was commenced under chapter 11, and in each case the debtor sought to retain The Abdallah Law Group (Abdallah) as counsel for the estate. Upon objections filed by the United States Trustee and by Colonial Leasing Corporation, this court ordered on January 27, 2012 that Abdallah's applications for compensation be deemed withdrawn with prejudice because Abdallah's applications for employment failed to disclose certain conflicts of interest.

(2) It is undisputed that Andrea and Oscar Braun as individuals transferred to Abdallah $20,300 as a retainer for legal services in their individual bankruptcy case (Case No. 11-31881) (the "Individual Case") and $10,789 as a retainer for legal services in their related corporate bankruptcy case (Case No. 11-31909) (the "DDS Case").

(3) This court's January 27, 2012 order deeming both applications for compensation filed by Abdallah to be withdrawn with prejudice necessarily determined that Abdallah could not be paid for post-petition legal services, and that substantially all of the retainer payments should be refunded.

(4) This court may order the refund of any payment, including purportedly non-refundable payments, made to an attorney representing a debtor to the extent that those payments exceed the reasonable value of the services rendered. See In re C & P Auto Transport, Inc., 94 B.R. 682, 687-88 (Bankr. E.D. Cal. 1988); 11 U.S.C. § 329(b).

(5) In February 2012, Abdallah returned $17,036 of the unused retainers. Although he was not directed to do so by the court,

**MEMORANDUM RE MOTION FOR**
**TURNOVER OF FEE RETAINER FUNDS**      -2-

Abdallah paid those funds to the trustee in the DDS Case. Trustee in the Individual Case has reached a compromise under which Abdallah will repay an additional $11,182.50, and trustee will release any claim for further refund. By separate order, this court has approved that compromise.

(6) Any amount refunded from the retainers given in either the Individual Case or the DDS Case should be returned to Hoskins (Trustee in the Individual Case) for the following reasons:

(A) The entire amount of both retainers was paid from the assets of the Individuals and/or their bankruptcy estate;

(B) The circumstances indicate no intent on behalf of the Individuals or their estate to transfer property to the DDS Case, except to the extent necessary to pay the legal fees of counsel for the debtor in possession in the DDS Case;

(C) The court has broad discretion in determining who should receive fees ordered to be refunded under section 329. The unused retainers constitute excessive fees within the meaning of section 329; and

(D) It is appropriate under section 329 to order refund of the fees to the trustee in the Individual Case, because the retainer payments were either property of Individuals' estate when such payments were made, see 11 U.S.C. § 329(b)(1)(A), or the retainer payments will become property of the Individuals' estate if returned to the entity that made such payments, see 11 U.S.C. § 329(b)(2).

(7) At the hearing, counsel for the DDS Trustee argued that it would be inequitable to turn over the entire unused retainer to the Individual estate, because the DDS estate had expended considerable

**MEMORANDUM RE MOTION FOR**
**TURNOVER OF FEE RETAINER FUNDS**     -3-

1 resources recovering the funds in question from Abdallah.  This

2 argument is unpersuasive.  First, the undisclosed conflicts of

3 interest that caused the court to deny Abdallah's employment

4 application were first made known to the court by the United States

5 Trustee, not by the DDS Trustee.  Second, the DDS Trustee learned

6 within a month of his appointment that all retainers had been paid

7 from the Brauns' personal funds.

8                         **END OF MEMORANDUM**